IN THE MATTER OF BABY JOHN DOE, OR BABY BOY BELTON

No. 7118DC361

(Filed 23 June 1971)

Adoption § 2; Bastards § 12— legitimation of child born out of wedlock —
effect on mother's consent to adoption

 Legitimation of a child born out of wedlock in a proceeding brought by the putative father under G.S. 49-10 did not invalidate or adversely affect the prior written consent to adoption given by the unwed mother under G.S. 48-6 or require the father's consent to the adoption proceedings; consequently, the father has no right to obtain custody of the child from the child-placing agency to which the child was surrendered by the mother. G.S. 48-6(a); G.S. 49-13.1.

APPEAL by petitioner from *Enochs, District Judge,* 5 April 1971 Session of District Court held in GUILFORD County.

This is a *habeas corpus* proceeding brought by the father of a child born out of wedlock to obtain custody of the child. The facts are as follows:

The baby was born 26 March 1970 to parents who have never been married. On 1 April 1970 the baby's mother executed, pursuant to G.S., Chap. 48, a general consent to adoption of the baby and surrendered the baby to The Children's Home Society of North Carolina, Inc., a licensed child-placing agency. Since that date the baby has remained in the custody of the Society. On 23 April 1970 the father instituted a special proceeding under G.S. 49-10 before the Clerk of Superior Court of Guilford County to have the child declared legitimated. The mother and The Children's Home Society were made parties to that proceeding. Upon appeal from an order of the Clerk denying petitioner's motion to stay the proceedings under the Soldier's and Sailor's Civil Relief Act, the matter came on for hearing before Judge Walter E. Johnston, Jr., Judge presiding at the 28 September 1970 civil session of Superior Court held in Guilford County. All parties having requested pursuant to G.S. 1-276 that the Judge proceed to hear and determine all matters in controversy, Judge Johnston signed judgment in the legitimation proceeding 1 October 1970 finding as a fact that the petitioner was the father of the child born out of wedlock and adjudging that the child be declared legitimated. This judgment contained the following: "No order is made herein with respect to custody of said child, no issue of custody arising upon the pleadings herein." No appeal was taken from this judgment.

On 4 December 1970 petitioner, father of the child, instituted the present *habeas corpus* proceeding in the District Court in Guilford County, seeking custody of the child. The mother and The Children's Home Society each filed answer, each pleading the provisions of G.S. 48-6(a) and G.S. 49-13.1 in bar to the relief prayed for in the petition. After notice, the matter came on for hearing upon motion of respondent, The Children's Home Society, for summary judgment. The District Judge, finding that no genuine issue as to any material fact existed between the parties and that respondent was entitled to judgment as a matter of law, entered summary judgment denying the relief demanded by petitioner, adjudging that The Children's Home Society has legal custody of the child and the right pursuant to the adoption laws to proceed with the placement of the child for adoption, and ordering petitioner not to interfere with any placement of the child for adoption. From this judgment, petitioner appealed.

*Harry R. Stanley, for petitioner appellant.*

*Blair L. Daily and Edward L. Murrelle for repondent appellees.*

*Richard L. Wharton and Jordan, Wright, Nichols, Caffrey & Hill, of counsel for respondent appellees.*

PARKER, Judge.

This appeal presents the question of the effect of a legitimation proceeding brought under G.S. 49-10 by the putative father of a child born out of wedlock, wherein the child is declared legitimate, upon the prior written consent to adoption given by the unwed mother under G.S. 48-6. Appellant contends that since his consent to the adoption would have been required by G.S. 48-7 had his child been born in wedlock and since G.S. 49-11 provides that "[t]he effect of legitimation under G.S. 49-10 shall be to impose upon the father and mother all of the lawful parental privileges and rights . . . to the same extent as if said child had been born in wedlock, . . . " it necessarily follows that absent his consent the adoption proceedings must fail and his custodial rights must be recognized. This contention, however, ignores other statutory provisions which in clear and express language answer the question here presented. G.S. 48-6(a) provides as follows:

> "§ 48-6. WHEN CONSENT OF FATHER NOT NECESSARY.— (a) In the case of a child born out of wedlock and when said child has not been legitimated prior to the time of the signing of the consent, the written consent of the mother alone shall be sufficient under this chapter and the father need not be made a party to the proceeding. *The legitimation of the child by any means subsequent to the signing of such consent of the mother shall not make such consent invalid nor adversely affect the sufficiency of such consent nor make necessary the consent of the father or his joinder as a party to the proceeding."* (Emphasis added.)

The second sentence of G.S. 48-6(a), italicized above, was added by Section 1 of Chapter 534 of the 1969 Session Laws. Section 2 of the same statute amended Chapter 49, Article 2, of the General Statutes, the Article of the General Statutes under which the child was declared legitimate in the present case, by adding a new section, G.S. 49-13.1, which reads as follows:

"§ 49-13.1. EFFECT OF LEGITIMATION ON ADOPTION CON-
SENT.—Legitimation of a child under the provisions of this
article shall not invalidate or adversely affect the suffi-
ciency of the consent to adoption given by the mother alone,
nor make necessary the consent of the father or his joinder
as a party to the adoption proceeding, when the provisions
of G.S. 48-6(a) and amendments thereto are applicable."

Chapter 534 of the 1969 Session Laws became in full force
and effect upon and after the date of its ratification on 19 May
1969 and was in effect at all times pertinent to the present case.
In Section 4 of that Act, the Legislature stated that the Act "is
intended to clarify and express in part the original, as well as
the present, purpose and intent of Section 48-6(a) of the Gen-
eral Statutes of North Carolina as related to Chapter 49, Article
2."

Appellant has cited no authority and we know no reason
why these very clear statutory provisions should not be given full
effect. Appellant's contention that the summary judgment of the
District Judge in the *habeas corpus* proceeding in effect over-
ruled the prior judgment entered by the Superior Court Judge
in the legitimation proceeding is without merit; the judgment
in the legitimation proceeding expressly provided that no order
was made therein with respect to custody of the child. Under
the facts presented by this record, The Children's Home Society
had legal custody of the child, G.S. 48-9.1(1), and the District
Judge correctly so determined. The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge VAUGHN concur.